UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAHUL ANIRUDDHA BHAVE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-3200-X |
| | § | |
| JOSEPH EDLOW, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

In this immigration case, Plaintiff Rahul Aniruddha Bhave seeks a writ of mandamus to compel Defendant Joseph Edlow, Director of U.S. Citizenship and Immigration Services, to adjudicate his pending I-485 application to Register Permanent Residence or Adjust Status. Mr. Bhave contends that the Defendant has failed to adjudicate his I-485 applications within a reasonable time and requests this Court's intervention under the Administrative Procedure Act (APA).[1] But, as explained below, the Mr. Bhave has failed to demonstrate why this Court has subject-matter jurisdiction over their claims. The Court accordingly **DISMISSES WITHOUT PREJUDICE** this case and grants the Mr. Bhave twenty-eight (28) days to refile his complaint and address the Court's concerns.

Jurisdiction over these claims hinges entirely on agency discretion, or lack thereof. The APA does not provide judicial review to the extent that "agency action

---

[1] 5 U.S.C. § 706(1).

is committed to agency discretion by law."[2]  The Immigration and Naturalization Act (INA) confers such discretion on executive branch agencies.[3]  And then the INA strips courts of jurisdiction over individual immigration decisions or actions the executive branch is to make:

> [n]otwithstanding any other provision of law (statutory or nonstatutory) . . . and [28 U.S.C.] sections 1361 and 1651 . . . no court shall have jurisdiction to review—
>
> > (i) any judgment regarding the granting of relief under section . . . 1255 [adjustment of status] . . . or
> >
> > (ii) *any other decision or action* of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security.[4]

The Fifth Circuit has confirmed that courts are without jurisdiction to entertain such APA claims, and that Section 1252 applies to the government's "grant or denial of an application for adjustment of status."[5]

The Court lacks subject-matter jurisdiction to adjudicate what Congress has said it cannot adjudicate, and Mr. Bhave has failed to present any statutory authority proving the government lacks discretion regarding the actions they challenge.  The

---

[2] 5 U.S.C. § 701(a)(2); *see also Bian v. Clinton*, 605 F.3d 249, 255 (5th Cir. 2010) ("The APA provides for judicial review of government action 'only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*.'" (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64–65 (2004)), *vacated on mootness grounds*, Nos. 09-10568 & 09-10742, 2010 WL 3633770 (Sept. 16, 2010)).

[3] *See, e.g.*, 8 U.S.C. § 1255(a) ("The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.").

[4] *Bian*, 605 F.3d at 253 (alterations in original) (quoting 8 U.S.C. § 1252(a)(2)(B)).

[5] *Id.*

case is thus **DISMISSED WITHOUT PREJUDICE**. Mr. Bhave may refile his complaint within twenty-eight (28) days, which should address this Court's subject-matter jurisdiction over their claims to avoid dismissal with prejudice.

    **IT IS SO ORDERED** this 3rd day of December, 2025.

                                                    _____
                                                  BRANTLEY STARR
                                                  UNITED STATES DISTRICT JUDGE